UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO: 1:20-cv-2864 |
| | ) |
| ESA MANAGEMENT, LLC d/b/a | ) |
| EXTENDED STAY AMERICA, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, Kevin Clark ("Clark"), by counsel, brings this action against the Defendant, ESA Management, LLC. d/b/a Extended Stay America ("ESA"), for unlawfully violating his rights as protected by Title VII of the Civil Rights Act of 1964 ("Title VII") as amended, and the Age Discrimination in Employment Act ("ADEA").

### PARTIES

1. Clark has resided within the Southern District of Indiana for all times relevant to this Complaint.

2. ESA continuously operates and conducts business within the Southern District of Indiana.

### JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1988; 29 U.S.C. § 626(c); and 42 U.S.C. § 2000e-5(f)(3).

4. ESA is an "employer" within the meaning of 42 U.S.C. § 2000e(b) and 29 U.S.C. § 630(b).

5. Clark was an "employee" within the meaning of 42 U.S.C. § 2000e(f) and 29 U.S.C § 630(f).

6. Clark satisfied his obligations to exhaust his administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Clark received his "Dismissal and Notice of Rights" and now timely files his lawsuit.

7. Venue is proper in this Court as a majority of the complained of actions occurred within the boundaries of the Southern District of Indiana, Indianapolis Division.

## FACTUAL ALLEGATIONS

8. Clark is a Caucasian, male, former employee of the ESA.

9. Clark was employed as a district manager for ESA.

10. At all times relevant to this Complaint, Clark met or exceeded the legitimate performance expectations of ESA.

11. Clark's district was consistently one of the top producing districts in ESA's organization.

12. At the time of his termination, Clark was the second oldest manager in his region at the age of 49.

13. In or about late spring 2019, one of Clark's general managers, Darren James (Caucasian, male, 47 years old), became aggressive with his co-workers. As his direct manager, Clark reported the incident to ESA's Regional Vice President, Tim Brinson (African American, male). Brinson instructed Clark to conduct a record of discussion and document James' outbursts, which Clark did.

14. Later in 2019, James, once again, had a violent outburst and allegedly broke some of ESA's computer equipment. This time an anonymous individual made a concerned associate program call regarding James. For this outburst James was terminated.

15. Thereafter, Brinson and ESA's HR representative, Inge Stepp (African American, female), called Clark and stated that he was being terminated for not handling the situation with James more effectively.

16. Clark questioned his termination as he had done nothing wrong and had handled the situation exactly how Brinson had instructed him to do. Despite pointing out to Brinson that the situation surrounding James was handled in the exact manner that Brinson had instructed, Clark was terminated on or about November 18, 2019.

17. After his termination, Clark was replaced as district manager with Courtney Robinson (female, African American, 36 years old).

18. At the time of her promotion, Courtney Robinson was not a manager, or assistant manager, of an ESA property.

19. At the time of her promotion, Courtney Robinson was not a district manager of an ESA district.

20. On or about October 4, 2019, Robinson discussed with an ESA general manager, Tamla Taylor, that she would be getting Clark's job.  This occurred nearly 45 days before Clark was notified of his termination.

21. ESA's reason(s) for terminating Clark, or taking any other adverse employment action against him, are mere pretext for discrimination.

22. ESA has shown a clear bias in favor of Caucasian employees and against African-American employees.

23. ESA has discriminated against Clark based upon his sex by treating him less favorably than its female employees.  ESA's actions are intentional, willful, and in reckless disregard of Clark's rights as protected by Title VII of the Civil Rights Act of 1964.

24. ESA has discriminated against Clark based upon his race by treating him less favorably than its African American employees.  ESA's actions are intentional, willful, and in reckless disregard of Clark's rights as protected by Title VII of the Civil Rights Act of 1964.

25. ESA has discriminated against Clark based upon his age by treating him less favorably than his significantly younger colleagues.  ESA's actions are intentional, willful, and in reckless disregard of Clark's rights as protected by the Age Discrimination in Employment Act.

26. Clark has been, and continues to be, harmed by ESA's actions and/or inactions.

## CAUSES OF ACTION

### COUNT I – TITLE VII – RACE DISCRIMINATION

27. Clark hereby incorporates paragraphs 1-26 of his Complaint as if fully set forth herein.

28. ESA subjected Clark to adverse employment actions based upon his race, Caucasian.

29. ESA afforded more favorable treatment to similarly situated employees who were African American and/or not Caucasian.

30. The individuals making the decision to terminate Clark were all African-American and/or not Caucasian.

31. ESA's actions were intentional, willful, and done in reckless disregard of Clark' rights under Title VII.

32. Clark has been, and continues to be, harmed by ESA's actions and/or inactions.

### COUNT II - AGE DISCRIMINATION – ADEA

33. Clark hereby incorporates paragraphs 1-32 as if fully set forth herein.

34. ESA took adverse actions against Clark because of his age.

35. ESA has provided more favorable treatment to employees who are either under the age of 40 or significantly younger than Clark.

36. ESA's unlawful actions were intentional, willful, and done in reckless disregard of Clark's rights as protected by the ADEA.

37. Clark has been, and continues to be, harmed by ESA's actions and/or inactions.

## COUNT III - SEX DISCRIMINATION - TITLE VII

38. Clark hereby incorporates paragraphs 1-37 as if fully set forth herein.

39. ESA took adverse employment actions against Clark because of his sex, male.

40. ESA treated female and/or non-male employees more favorably than Clark.

41. ESA's unlawful actions were intentional, willful, and done in reckless disregard of Clark's rights as protected by Title VII.

42. Clark has been, and continues to be, harmed by ESA's actions and/or inactions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Conan Clark, by counsel, respectfully requests that this Court find for him and order that:

1. ESA pay lost wages and benefits to Clark;

2. ESA reinstate Clark or pay front pay in lieu thereof;

3. ESA pay compensatory and punitive damages to Clark;

4. ESA pay pre- and post-judgment interest to Clark;

5. ESA pay liquidated damages;

6. ESA pay Clark's attorneys' fees and the costs incurred in litigating this action; and

7. ESA pay to Clark any and all other legal and/or equitable damages that this Court determines are just and appropriate.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
Shannon L. Melton, Attorney No. 29380-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone: (317)955-9500
Facsimile: (317)955-2570
Email: jhaskin@jhaskinlaw.com
Email: smelton@jhaskinlaw.com

Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, Kevin Clark, by counsel, respectfully requests a jury trial for all issues deemed triable.

John H. Haskin, Attorney No. 7576-49
Shannon L. Melton, Attorney No. 29380-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone: (317)955-9500
Facsimile: (317)955-2570
Email: jhaskin@jhaskinlaw.com
Email: smelton@jhaskinlaw.com

Attorneys for Plaintiff